# IN THE SUPREME COURT OF PENNSYLVANIA
## WESTERN DISTRICT

IN RE: 24TH JUDICIAL DISTRICT (BLAIR    :    No. 20 WM 2020
COUNTY) - REQUEST FOR EMERGENCY    :
JUDICIAL ORDER                         :

## ORDER

**PER CURIAM**

**AND NOW**, this day 18th day of August, 2021, the Application Pursuant to Pa.R.J.A. 1952 is DENIED, WITHOUT PREJUDICE.

The instant Application seeks permission for the President Judge of the 24th Judicial District to declare a local judicial emergency in Blair County through December 31, 2021. It also seeks the conferral of specific authority on the President Judge pursuant to Rule of Judicial Administration 1952(B)(2). *See* Pa.R.J.A. 1952(g), (h), (i), (j), and (k) (indicating that the President Judge, in the context of a local judicial emergency, may seek permission from this Court to: expand the duties and work hours of staff; cancel or modify court calendars, subpoenas, or other court orders; cancel or suspend jury and non-jury trials; cancel or suspend jury duty; and suspend local rules and procedures, including personnel policies).

Notably, however, the instant Application does not sufficiently detail how the Blair County court system is presently experiencing a county-specific judicial emergency such that the requested relief per Rule of Judicial Administration 1952(B)(2) would be warranted. For instance, although the Application notes the number of cases that are presently on the calls of the criminal trial list in that county, the Application does not contextualize that statistic by comparing it to caseload numbers at other points in time,

including pre-pandemic caseload inventory. Moreover, there is no county-specific information as to any difficulties in securing venires and safely conducting jury selection. Relatedly, the Application does not suggest that remedial public-health measure would afford inadequate protection in the context of non-jury trials.

Moreover, the instant Application does not explicitly detail why the President Judge requires permission from this Court to effectuate any necessary staffing changes. Along these lines, it appears that the President Judge may have already made certain such changes pursuant to her inherent authority as President Judge, in that she has evidently increased the length of some court sessions. *See* Application at 1.

Respectfully, absent such detailed information, the Application fails to establish that the Court of Common Pleas of Blair County is presently experiencing a judicial emergency that would necessitate conferring authority on the President Judge pursuant to Rule of Judicial Administration 1952(B)(2), particularly the singular power of being permitted to suspend or cancel both jury and non-jury trials. *See* Pa.R.J.A. 1952(B)(2)(i).